**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

August 20, 2020

A. Thomspon Bayliss, Esq.
Eliezer Y. Feinstein, Esq.
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

David S. Eagle, Esq.
Sean M. Brennecke, Esq.
KLEHR HARRISON HARVEY
BRANZBURG LLP
919 North Market Street, Suite 1000
Wilmington, DE 19801

RE: *Anne W. Deane v. Saint Gervais LLC*
C.A. 2020-0520-SG

Dear Counsel:

I have Mr. Feinstein's letter of August 17, 2020 seeking clarification of what appears to be an error in my bench ruling of July 27, 2020, together with Mr. Eagle's contrary response.

I have never been accused of eloquence or fluidity of speech. In the many bench rulings I have given over the past two decades, I have undoubtedly made dozens of inadvertent misstatements. Such verbal errors are among the reasons I persist in the traditional rule that oral rulings of this Court have no precedential value.[1] The transcript of my ruling resolving the July 27, 2020 "Telephonic

---

[1] *See Day v. Diligence, Inc.*, 2020 WL 2214377, at *1 (Del. Ch. May 7, 2020).

Scheduled Argument on Plaintiff's Motion for Expedited Proceedings" contains one such error. I made the statement, fatuous on its face, that the "proper way to go forward" in this books-and-records action was (among other things) "to grant the motion to dismiss, which is granted as a matter of course in statutory actions of this type; and to get a schedule in place." While no doubt granting motions to dismiss as a matter of course would save judicial resources, it is obvious to me that I misspoke, and meant to refer to the motion before me, Plaintiff's contested Motion to Expedite. A motion to expedite is required in cases filed under Section 220 and its alternative-entity analogues, to signal to the Court that the plaintiff has filed a summary action that should receive consideration with alacrity. I do grant such motions as a matter of course.

I apologize for any confusion my misspeaking has caused to the parties. This confusion is entirely my fault. Having said that, I am a little surprised that the Defendant LLC has opposed the Plaintiff's request to clarify the record, calling my bench ruling an "unambiguous ruling" granting its Motion to Dismiss, which has since been mooted by the Plaintiff's filing of an amended complaint. The LLC must have the impression it has fallen into a defendant's version of hog heaven, where motions to dismiss are granted without argument "as a matter of course."[2] Untrue, alas.

---

[2] A kind of demurring party's analog to The Big Rock Candy Mountain.

Insofar as the transcript of July 27, 2020 indicates that I orally granted a motion to dismiss, that statement is in error. For clarification, I did not grant a motion to dismiss; I did grant the Plaintiff's Motion to Expedite. The Judicial Action Form is hereby amended to reflect this clarification.

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:    All counsel of record (by *File & ServeXpress*)